**ULICO CASUALTY COMPANY,**
Appellee,

v.

**SUPERIOR MANAGEMENT SERVICES, INC.,**
Appellee,

**Baljit AULAKH and Pavitar Aulakh, Appellants.**

No. 03–7081.

United States Court of Appeals, District of Columbia Circuit.

March 11, 2004.

Eric Robert Stanco, Stanco & Associates, Washington, DC, for Plaintiff–Appellee.

Daniel M. Press, Russell B. Adams, III, Chung & Press, McLean, VA, for Defendants–Appellants.

Before GINSBURG, Chief Judge, RANDOLPH and ROBERTS, Circuit Judges.

### JUDGMENT

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and the briefs of the parties. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. *See* FED. R.APP. P. 36; D.C. CIR. R. 36(b). It is

**ORDERED and ADJUDGED** that the district court's judgment is affirmed. Mr. and Mrs. Aulakh appeal the district court's grant of summary judgment to Ulico Casualty Company for damages resulting from breaches of an indemnity agreement. They argue that the indemnity agreement, and the underlying surety bonds, violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, and its Virginia analogue, VA.CODE ANN. § 59.1–21.19. The district court correctly determined that neither the surety bonds nor the indemnity agreement qualify as a "credit transaction" under either statute. Both statutes define "credit" as "the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its [sic] payment...." 15 U.S.C. § 1691a(d); VA.CODE ANN. § 59.1–21.20(b). The ECOA defines "credit transaction" as "every aspect of an applicant's dealings with a creditor regarding an application for credit or an existing extension of credit...." 12 C.F.R. § 202.2(m) (2002).

Neither the surety bond transaction nor the indemnity agreement meets these definitions. The Aulakhs argue that the surety bond is simply an extension of the surety's credit in exchange for a fee, and thus functions as a "credit transaction." But there is no right in this relationship to defer payment. When the principal defaulted on its obligations, Ulico was required to pay the debt. The Aulakhs then became liable to Ulico under the indemnification agreement. Without a right to defer payment of debt, there has been no extension of "credit" under the ECOA or Virginia law. *See Capitol Indemnity Corp. v. Aulakh,* 313 F.3d 200 (4th Cir. 2002). The district court thus correctly granted summary judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41(a)(1).